

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

See e 2189
2459 (1951)

Overruled by r-20
th Ro from t ...

Hon. Fred V. Meridith
County Attorney
Kaufman County
Kaufman, Texas

Dear Sir:

Opinion No. O-6372
Re: Whether the Sheriff of
Kaufman County can appoint
a deputy sheriff without
compensation being paid to
such deputy and related
matters.

    Your letter of recent date, requesting the opinion
of this department on certain questions stated therein, is,
in part, as follows:

    "Can the Sheriff of Kaufman County appoint a
deputy sheriff without compensation being paid to
such deputy?

    "Kaufman County has a population of 38,308
according to the 1940 Federal Census. By authority
of Art. 3912e, Sec. 13, the Commissioners Court fixed
the salaries of county officers, including Sheriff.
Our Commissioners Court has authorized and fixed sal-
aries for two deputies in the Sheriff's office, and
these appointments have been made. One deputy Sheriff
resides in the City of Terrell, in Justice Precinct
No. 3 of Kaufman County.

    "In Justice precinct No. 3 is located Terrell
Aviation, Ltd., an airport situated upon land belong-
ing to Kaufman County and being operated by Maj. W. H.
Long and associates in limited partnership, which is a
school for the flight training of British cadets, and
known as British Flight Training School No. 1. This
school is the recipient of many gratuities from both
the City of Terrell and County of Kaufman, as well as
from the Defense Plant Corporation. Formerly, some
American cadets along with the British were trained
there, but now only British. The predecessor in the
Sheriff's office, in line with request from the
school's officials, appointed two or three deputy

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

sheriffs among the employees of the school; these
commissions were merely honorary, and carried no
compensation, as the school wanted to have some
officers on the premises who would be authorized
to act in case of breaches of the peace, since the
school is located out at the edge of the city.

    —  "Terrell Aviation, Ltd., through its personnel
manager, has now requested our Sheriff to appoint
a deputy there, and requesting that the Sergeant of
the Guard at the school be so appointed.  Our Sheriff
attended the school of instruction for newly elected
Sheriffs at Camp Mabry, and has some sort of recollec-
tion that at this school he was advised that he could
appoint no deputy sheriff who was not paid compensa-
tion of at least $40.00 per month. He seems to recollect
that there was either a decision on this point, or an
attorney general's opinion to this effect, and hesi-
tates to give a reply to Terrell Aviation, Ltd., con-
cerning their request until he is correctly advised. If
there be such, I would appreciate citation or copy of
opinion.

     "I note from the provisions of Art. 6869, that a
Sheriff may appoint deputies' . . . not exceeding three
in the Justice precinct in which is located the county
site of such county, and one in each Justice precinct....'
The City of Terrell is located, as well as Terrell Avia-
tion, Ltd., in Justice precinct No. 3, and the Sheriff
already has one duly constituted deputy, drawing monthly
compensation by salary, residing in this precinct. I find
no special act of the Legislature with respect to deputies
for the Sheriff in counties of a population of 38,308,as
is Kaufman County.

     "If the Sheriff of Kaufman County appointed, with
the sanction and approval of the Commissioners Court, a
deputy sheriff to act only on the premises of Terrell
Aviation, Ltd., without compensation from the said Kaufman
County, and without fees of office, would such appointee
be authorized to carry a pistol and be a duly constituted
peace officer, and his acts as such on said premises be
legally performed?

"(2) Is there such a thing as an 'honorary' deputy sheriff's commission? . . . ."

Article 3902, Vernon's Annotated Civil Statutes, provides, in part:

"Whenever any district, county, or precinct officer shall require the services of deputies, assistants or clerks in the performance of his duties, he shall apply to the county commissioners' court of his county for authority to appoint such deputies, assistants or clerks, stating by sworn application the number needed, the position to be filled and the amount to be paid. . . ."

In connection with the foregoing statute, your attention is directed to Article 6869, Vernon's Annotated Civil Statutes, which provides in part as follows:

"Sheriffs shall have the power, by writing, to appoint one or more deputies for their respective counties, . . . . the number of deputies appointed by the sheriff of any one county shall be limited to not exceeding three of the Justice Precincts in which is located the county site of such county, and one in each Justice Precinct, and a list of these appointments shall be posted up in a conspicuous place in the clerk's office....."

This Department has ruled prior to and since the enactment of the present officers' salary bill, under which Kaufman County is now functioning that Article 6869 has been superseded by Art. 3902 in so far as said statutes are in conflict. This department held in Opinion No. O-12 that Art. 6869 has been superseded by Art. 3902 in so far as said statutes are in conflict. We quote from Opinion No. O-12, in part, as follows:

"This department is not in possession of any definite decision affecting the question at hand, and therefore must arrive at the conclusion that Art. 6869. . . . which applies to the sheriffs under the fee law has been superseded . . . . by Art. 3902 . . . . and by the officers' salary law of the State of Texas.

". . . . It rests within the discretion of
the Honorable Commissioners' Court of Galveston County,
Texas, as to the number of deputies which the
Sheriff should employ."

It is stated in the case of Tarrant County vs. Smith,
81 S. W. (2d), 537:

"The Commissioners' Court can limit the number
and salary of deputy sheriffs but they have no power
over the naming of the individuals to be appointed,
and are especially prohibited from attempting any
such last named influence. R. S. Art. 3902."

In Opinion No. O-925, rendered by this department, it
is stated:

"In the case of Trammel vs. Shelton, 45 S. W. 319,
the relevant provisions of Art. 6869 substantially the
same as enacted in 1889, which grants authority to the
Sheriff to appoint deputies and limit their number was
held to be directory. Such authority as was by this
Article and previously at common law given to the
Sheriff was by general law superseded and invested in
the Commissioners' Court under the provisions of Arti-
cle 3902, supra. Such a construction as would harmonize
the two Articles, 6869 and 3902, supra, should be given
with the later article controlling. While said Article
6869 seeks to limit the discretion to be exercised by
the Sheriff, we cannot say that such Article would, as
a matter of law, restrict the power of the Commissioners'
Court under Article 3902, as amended, should the facts
warrant the necessity for the appointment by the Sheriff
of more deputies than would be permitted under the pro-
visions of Article 6869."

It was held in our Opinion No. O-1596 that a sheriff
has authority, with the approval of the commissioners' court, to
appoint a deputy to serve without any compensation. Therefore, in
answer to your first question, you are respectfully advised that
it is our opinion that the Sheriff of Kaufman County can appoint
a deputy sheriff with the approval of the commissioners' court, to
serve without any compensation.

In connection with the foregoing statement, we direct your attention to our Opinion No. O-4420, wherein it is stated:

"In the event a Commissioners' Court authorizes the Sheriff to appoint additional deputies to serve without pay, the order authorizing such appointment should state that the deputies to be appointed are to be allowed no salary, else they might be able to recover for the services on a quantum merit basis. Harris County vs. Neville (Civil Appeals) 84 S. W. (2d) 834."

In answer to your second question, you are advised that it is the opinion of this department that a deputy sheriff appointed to serve without compensation could legally carry a pistol when actually engaged in the discharge of his official duty. (See Articles 483 and 484, Vernon's Annotated Penal Code). The provisions contained in Article 484, Vernon's Annotated Penal Code, regarding compensation of $40.00, or more, per month, is applicable to deputy constables and special policemen and has no application to a deputy sheriff.

It is our further opinion that a deputy sheriff who is appointed in conformity with the foregoing statutes and who is serving without compensation would have the same authority to act in discharging his official duties as any other deputy sheriff appointed.

Your third question is, "Is there such a thing as an 'honorary' deputy sheriff's commission?"

In answer to this question, you are advised that we have been unable to find any statute or case pertaining to this question. We know of no law authorizing the issuance of an "honorary" deputy sheriff's commission.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:rt

